# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **MARK BALLIETT,** | **REPORT & RECOMMENDATION** |
| **Plaintiff,** | |
| **vs.** | **Case No. 1:17-cv-00149** |
| **NANCY A. BERRYHILL,** **Acting Commissioner of Social Security,** | **District Court Judge Robert Shelby** |
| **Defendant.** | **Magistrate Judge Dustin B. Pead** |

## INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff Mark Balliett (Plaintiff or Balliett ) seeks judicial review of the decision of the Acting Commissioner of Social Security (Commissioner) denying his claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (the Act). (ECF No. 23.)  Plaintiff applied for benefits in April 2014, alleging disability beginning July 31, 2013. (Tr. 199-200). After a hearing, the Administrative Law Judge (ALJ) determined that Plaintiff was not disabled on March 14, 2017.[1] (Tr. 8-28.) The Appeals Council denied Plaintiff's request for review (Tr. 1-5), making the ALJ's decision the Commissioner's

---

[1] Unless noted, all Code of Federal Regulations (C.F.R.) citations are to the 2016 edition of 20 C.F.R. Part 404, which was in effect at the time of the ALJ's decision and which governs claims for DIB. The agency significantly amended the regulations governing medical evidence for claims filed on or after March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844 (Jan. 18, 2017) (final rules). Plaintiff filed his application in 2014 and therefore prior regulations and Social Security Rulings (SSRs) control.

final decision for purposes of judicial review. *See* 20 C.F.R. §§404.981, 422.210(a). Plaintiff's appeal to this court followed.

On January 5, 2018, United States District Judge Robert J. Shelby referred this matter to Magistrate Judge Dustin Pead for proposed findings and recommendations. (ECF No. 13); *See* 28 U.S.C. § 636(b)(1)(B) and (C). After careful review of the entire record, the parties' briefs, and the arguments presented at oral argument (ECF No. 22), the undersigned recommends that the decision of the Commissioner's be REMANDED for further proceedings.

## THE ALJ'S DECISION

In a decision dated March 14, 2017, the ALJ followed the five-step sequential evaluation for assessing disability. *See generally* 20 C.F.R. § 404.1520(a)(4). The ALJ determined that Balliett had severe impairments (obesity, lumber degenerative disc disease, depression and anxiety), but that his medical conditions did not meet or equal the criteria of the disabling impairments listed at 20 C.F.R. pt. 404, subpt. P, app. 1 (Tr. 13-16.) The ALJ next determined that Plaintiff retained the residual functional capacity (RFC) to perform a reduced range of unskilled medium work. (Tr. 16-21.) Considering this RFC, and consistent with vocational expert testimony, the ALJ then found that Plaintiff could not perform his past work as a tax examiner or IRS clerk, but could perform other jobs existing in significant numbers in the national economy: janitor/cleanup worker, stores laborer or laundry laborer. (Tr. 21-23.)

## STANDARD OF REVIEW

The court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Id.* (internal quotation and citation omitted). Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed. *Ellison v Sullivan,* 929 F.2d 534, 546 (10th Cir. 1990).

### DISCUSSION

Balliett raises a limited issue on appeal; namely, did the ALJ err in evaluating the opinions of primary treating psychologist Dr. John Kluthe?  Under the treating physician rule, the Commissioner "will generally give more weight to medical opinions from treating sources than those from non-treating sources." *Langley v Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (*citing* 20 C.F.R. §404.1527(d)(2)).  However, even if controlling weight is not warranted, "an ALJ is not free to simply disregard the opinion or pick and choose which portions to adopt." *Andersen v. Astrue,* 319 Fed. Appx. 712, 718 (10th 2009). Indeed, the ALJ must give specific and legitimate reasons for the weight assigned "to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal quotation marks omitted).

Here, the ALJ provides limited analysis of Dr. Kluthe's opinions concluding that controlling weight does not apply because his opinions are "not entirely consistent with other substantial evidence in the case record."[2] In doing so, however, the ALJ fails to address, or even mention, those records that undermine his ultimate conclusion. Thus, while the ALJ recognizes fluctuations in Plaintiff's mental health, and adopts those opinions supporting claimant's functioning at its best (*see* Exhibit 2F/10, 9F/3, 7, 11, 15), he excludes any discussion of findings highlighting Plaintiff's worsening symptoms. (*see* Exhibit 19F/2, 19F 6-16, 19F/18, 21F). An

---

[2] The ALJ gives partial weight to Dr. Kluthe's other opinions. (ECF 12-2).

ALJ is not required to indiscriminately adopt treating opinions. Nonetheless, the ALJ is required to discuss "the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). Absent a discussion, the court is unable to assure itself that the information was in fact considered.

In this case, reconsideration of the record may amount to harmless error. Yet, on balance, the court believes remand is appropriate and declines any invitation to employ "post hoc efforts" to comply with treating physician requirements. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084-85 (10th Cir. 2004) (the court should not "overstep" its "institutional role and usurp essential functions committed in the first instance to the administrative process.").

## **RECOMMENDATION**

For these reasons, the court RECOMMENDS that the District Court REVERSE and REMAND the Commissioner's decision for further proceedings consistent with this Order.

The parties are hereby advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make a timely objection may waive the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

DATED this 8th day of May, 2018.

_____
DUSTIN B. PEAD
United States Magistrate Judge