UNITED STATES DISTRICT COURT
DISTRICT OF UTAH—NORTHERN DIVISION

| | |
|---|---|
| MARK BALLIETT,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 1:17-cv-00149-RJS-DBP<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Plaintiff Mark Balliett filed this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final agency decision denying his claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.[1] He had applied for benefits in April 2014, alleging disability as of July 31, 2013. On March 14, 2017, an Administrative Law Judge (ALJ) found Balliett was not disabled.[2] On August 3, 2017, the Appeals Council denied Balliett's request for review, making the ALJ's determination the final agency action. Balliett then sued, and the court referred the case to Magistrate Judge Dustin B. Pead pursuant to 28 U.S.C. § 636(b)(1)(B).[3]

Judge Pead issued a Report and Recommendation on May 8, 2018,[4] recommending that this court reverse the denial of benefits and remand the case for further consideration. Judge Pead found the ALJ failed to evaluate the opinions of Balliett's treating psychologist, Dr. John Kluthe, under the applicable legal standard—the so-called 'treating physician rule.' Defendant

---

[1] Dkt. 2, Complaint.

[2] Balliett's claim was initially denied on September 5, 2014 and on reconsideration on February 5, 2015.

[3] Dkt. 16.

[4] Dkt. 23.

Nancy A. Berryhill, Acting Commissioner of Social Security, filed a timely Objection[5] to Judge Pead's Report and Recommendation.

The court has reviewed de novo review Berryhill's Objection. Having considered it, along with the parties' briefing before Judge Pead, the applicable law, evidentiary record, and reasoning in Judge Pead's Report and Recommendation, the court OVERRULES the Objection, ADOPTS Judge Pead's Recommendation, REVERSES the denial of benefits, and REMANDS this action.

## BACKGROUND

As Judge Pead sets forth in his Report and Recommendation, the ALJ in a March 14, 2017 decision followed the familiar five-step sequential evaluation for evaluating disability claims:[6]

> Step one requires the claimant to demonstrate that he is not presently engaged in substantial gainful activity. At step two, the claimant must show that he has a medically severe impairment or combination of impairments. At step three, if a claimant can show that the impairment is equivalent to a listed impairment, he is presumed to be disabled and entitled to benefits. If a claimant cannot meet a listing at step three, he continues to step four, which requires the claimant to show that the impairment or combination of impairments prevents him from performing his past work.
>
> If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient RFC [residual functional capacity] to perform work in the national economy . . . . If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary.[7]

---

[5] Dkt. 24.

[6] *See* 20 C.F.R. § 404.1520(a)(4).

[7] *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010) (quoting *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007)) (brackets in original).

In this analysis, the ALJ found Balliett had not engaged in substantial gainful activity since the alleged disability onset date of July 31, 2013,[8] and that he had the following severe impairments: obesity, lumbar degenerative disc disease, depression, and anxiety.[9] But the ALJ concluded these impairments did not meet or equal the criteria for disabling impairments listed at 20 C.F.R. § 404.1520(a)(4).[10] The ALJ found Balliett had the RFC to perform a reduced range of unskilled work; and that while Balliett could not return to his prior work as a tax examiner, he could perform other jobs existing in significant numbers in the national economy.[11] Thus, the ALJ concluded that Balliett was not disabled.[12]

In his analysis, the ALJ briefly stated and considered the opinions of Balliett's treating psychologist, John Kluthe, PhD. The ALJ's discussion of Dr. Kluthe's opinions is as follows:

> The claimant's treating psychologist, John Kluthe, Ph.D. filled out several forms and wrote letters on behalf of the claimant. He found extreme limitations in concentration and marked limitations in understanding, memory, social interaction, and adaptation (Exhibit 1F, 4F, 5F, 12F, 14F). Controlling weight does not apply to this opinion because it is not entirely consistent with other substantial evidence in the case record. I give little weight to his opinions in Exhibit 5F because no specific work-related limitations are identified. The claimant's opinions at page 14 regarding a leave of absence is vague and the opinion regarding the claimant's ability to work is reserved to the Commissioner of the Social Security Administration.
>
> I give partial weight to Dr. Kluthe's other opinions. This provider's own treatment notes do not indicate marked or extreme limitations in any area (E.g. Exhibit 10F). The opinions also appear to relate to the claimant's most recent position at the IRS, where he had significant conflict with new managers. The medical records do not show significant complications during many routine examinations (E.g. Exhibit 2F/10; 9F/3, 7, 11, 15). The medical records support that with continuing medication management, and psychotherapy, he could sustain a simple, low-social job.

---

[8] Tr. 13 (Dkt. 12-2 at 14).

[9] *Id.*

[10] Tr. 15-16 (Dkt. 12-2 at 16-17).

[11] Tr. 16-23 (Dkt. 12-2 at 17-24).

[12] Tr. 23 (Dkt. 12-2 at 24).

## APPLICABLE LAW

This court reviews only whether the ALJ applied the correct legal standards and whether the decision below is supported by substantial evidence.[13] Substantial evidence is that which a reasonable person would accept as adequate to support a conclusion—more than a scintilla but less than a preponderance.[14]

Balliett asserts a narrow ground for reversing the denial of his claim for benefits. He contends the ALJ failed to properly apply the so-called 'treating physician rule' in evaluating the opinions Dr. Kluthe offered.

Under the enunciation of this rule applicable at the time of Balliett's claim, "[a]n ALJ should generally give 'more weight to opinions from [claimant's] treating sources.'"[15] Here, an ALJ must first inquire whether to give the opinion controlling weight. This inquiry entails a sequential analysis beginning with an evaluation of "whether the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques.'"[16] If the answer is no, the inquiry ends. If the answer is yes, the ALJ next confirms whether the opinion is "consistent with other substantial evidence in the record."[17] If it is, then the opinion is entitled to controlling weight. If it is not, the opinion is not entitled to controlling weight—but it may not be summarily rejected.

---

[13] *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992).

[14] *Hedstrom v. Sullivan*, 783 F. Supp. 553, 556 (10th Cir. 1992).

[15] *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (quoting 20 C.F.R. § 404.1527(d)(2)).

[16] *Id.* (quoting SSR 96-2p).

[17] *Id.*

Rather, even if it is not controlling, the opinion is still entitled to deference and must be "weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927."[18] Those factors are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.[19]

After discussing the relevant factors, "the ALJ must 'give good reasons in [the] notice of determination or decision' for the weight he ultimately assigns the opinion."[20] And if the opinion is entirely rejected, the ALJ must give "specific, legitimate reasons for doing so."[21]

Under these principles, the Tenth Circuit has reversed and remanded denials of benefits claims based on an ALJ's failure to adhere to the legal standards in the treating physician where:

- the ALJ failed to offer any explanation "for the weight, if any, he gave to the opinion of . . . the treating physician,"[22] and

- the ALJ failed to give controlling weight to the opinion of a treating psychiatrist on the grounds that it was unsupported by, and inconsistent with other evidence in the record, where the "ALJ failed to explain or identify what the claimed inconsistencies were," and "did not follow through with the remainder of the analysis, that is, to specify what lesser

---

[18] *Id.* (quoting SSR 96-2p).

[19] *Id.* at 1301 (quoting *Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001)).

[20] *Id.* (quoting 20 C.F.R. § 404.1527(d)(2)).

[21] *Id.* (citations omitted).

[22] *Id.* at 1300.

5

weight, if any, should be assigned to the medical opinion, using all of the factors set forth in §404.1527.[23]

**DISCUSSION**

Judge Pead found that the ALJ's "limited analysis" of Dr. Kluthe's opinions insufficient under the treating physician rule, primarily because the ALJ fails to address in any fashion Dr. Kluthe's records that undermine the conclusion that Balliett is not disabled.[24] In her Objection, Berryhill contends this is error because: 1) the ALJ provided three sufficient reasons for assigning partial and not controlling weight to the opinions;[25] 2) even if the ALJ had analyzed Dr. Kluthe's records—the analysis Judge Pead found lacking—the records "do not necessarily show that [Balliett's] symptoms were more severe than found by the ALJ[];"[26] and 3) "it is unclear . . . that additional discussion of these records would result in additional limitations beyond the already restrictive RFC assessed by the ALJ."[27] As the court discusses below, these arguments do not help Berryhill overcome the ALJ's failure to apply the treating physician rule.

First, the ALJ simply did not engage in the analysis that the applicable legal standard—the treating physician rule—required. In initially determining that Kluthe's opinions should not be assigned controlling weight, the ALJ skips over the rule's requirement that the ALJ discuss whether the opinions were well-supported by medically acceptable clinical and laboratory diagnostic techniques, and simply states that the opinions are "not entirely consistent with other substantial evidence." For the reasons Judge Pead included in his Report and Recommendation,

---

[23] *Langley v. Barnhart*, 373 F.3d 1116, 1122-23 (10th Cir. 2004).

[24] Dkt. 23 at 3.

[25] Dkt. 24 at 5.

[26] *Id.* at 6-7.

[27] *Id.* at 7.

6

this blanket statement with no specific discussion of evidence consistent with Dr. Kluthe's opinions is insufficient in view of the presumed deference treating providers enjoy. And while Berryhill emphasizes that the ALJ stated three reasons for assigning partial weight in a blanket fashion to Dr. Kluthe's "other opinions," the ALJ fails to conduct the analyze the requisite factors set forth in 20 C.F.R. § 404.1527 and 416.927. The ALJ mentions only that Dr. Kluthe's treatment notes do not clearly indicate the many marked limitations that he later found, that the opinions "appear to" relate to only one job Balliett had, and generally that other medical evidence suggests the limitations Kluthe found are not truly so extreme. These reasons neither meet the required factors, nor provide a clear understanding of the specific and legitimate reasons the ALJ gave "partial weight" to all of Dr. Kluthe's opinions.

Second, the court joins Judge Pead in declining Berryhill's invitation implicit in her remaining arguments to engage in post-hoc evaluation of records and analysis that the ALJ did not actually provide. Rather, the court concludes the denial of Balliett's benefits must be reversed and the case remanded for appropriate consideration under the applicable legal standards, including the treating physician rule.

## CONCLUSION

For the reasons discussed, the court concludes that Judge Pead in his Report and Recommendation[28] correctly states and applies the law. The court ADOPTS the Report and Recommendation in its entirety. Berryhill's Objection is OVERRULED. The denial of benefits is REVERSED and the case is REMANDED for consideration consistent with this ruling. The clerk of court is directed to CLOSE this case.

---

[28] Dkt. 23.

SO ORDERED this 17th day of September, 2018.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge